**Robert L. GARNER, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 82–7126
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 6, 1984.

R. Michael Booker, Birmingham, Ala., for plaintiff-appellant.

Herbert J. Lewis, III, Asst. U.S. Atty., Birmingham, Ala., Joseph S. Friedman, Soc. Sec. Div., Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Garner appealed the district court's affirmance of the Secretary's denial of disability insurance benefits. The sole question on appeal is whether the Secretary erred in treating Garner, age 49 and 10 months at the time of the ALJ's determination, as a younger individual (45–49) rather than as a person closely approaching advanced age (50–54).

The Secretary asserts that testimony by a vocational expert provides substantial evidence for the ALJ's finding that claimant is a younger individual. However, the ex-

pert's testimony concerning claimant's capacity was based on the predicate that Garner was a younger individual.

In *Broz v. Schweiker,* 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom. Heckler v. Broz,* — U.S. —, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to,* 711 F.2d 957, *modified,* 721 F.2d 1297 (11th Cir.1983), we held that the Secretary could not use the grids the Secretary had adopted concerning age to establish conclusively a claimant's ability to adapt. *Broz I,* 677 F.2d at 1360. We explained how the Secretary could use the age grids in establishing the claimant's ability to adapt in *Reeves v. Heckler,* 734 F.2d 519 (11th Cir.1984). The evidentiary determination we outlined in *Reeves* has not been made in this case. The record indicates that the ALJ applied the age grids mechanically. The case must be remanded for Garner to be given an opportunity to make a proffer to the district court on his ability to adapt. If he makes such a proffer, the district court should remand to the Secretary for further consideration of this issue. If the claimant fails to make such a proffer, the ALJ's mechanistic use of the grids would be harmless error and there would be no need to remand to the Secretary.

VACATED and REMANDED.